SILER, Circuit Judge,
dissenting.
I concur with the facts as related by the majority opinion in this case, but I respectfully dissent from the final conclusion that the Brady claim entitles the petitioner, Andrew Lee Thomas, Jr., to a writ of habeas corpus for the reasons stated herein.
First, I agree with the parties and with the majority that the Brady claim was not decided by the Tennessee state courts, so our review is de novo. I also agree with the majority that the State conceded that knowledge of the payment of $750.00 to Angela Jackson is imputed to the state prosecutors for purposes of Thomas’s claim under Brady. It is not material that the state prosecutor did not find the receipt of $750.00 to Jackson in the file, nor that the state prosecutor was told of that payment. As the majority indicates, it would seem logical that the state prosecutor would have found something in the case file about the payment, but that is not in our record before this court. Thomas has benefited from the assumption under law that the successor prosecutor has the imputed knowledge that Jackson was paid the $750.00 and did not admit it later when questioned. However, I part from the majority at this point. As the majority states, “a successful Brady claim requires a showing ... that the state’s actions resulted in prejudice.” Bell v. Bell, 512 F.3d 223, 231 (6th Cir. 2008) (citing Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). Prejudice results whenever the suppressed evidence is “material.” Robinson v. Mills, 592 F.3d 730, 735 (6th Cir. 2010).
As the majority relates, evidence is material for Brady purposes vyhen, in view of all relevant evidence, its absence deprives the defendant of a fair trial, “understood as a trial resulting in a verdict worthy of confidence.” Montgomery v. Bobby, 654 F.3d 668, 678-79 (6th Cir. 2011) (en banc) (quoting Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)). The majority opinion depends upon our prior decision in Robinson, 592 F.3d at 738. However, in Robinson, the prosecution depended upon an informant, Sims, who had been used by the prosecution in many investigations, whereas, in the present case, Jackson was an important witness, but she was not present at the robbery or the homicide of James Day, the armored truck driver. She had never been a paid informant in other cases. Certainly, Jackson’s evidence was material, because she related the fact that Thomas came to Jackson’s apartment with a large amount of money and that Anthony Bond, the codefendant, was with him and was carrying a gun. She also related the fact that she and Thomas took Thomas’s money and bought a car and other items. Thomas also admitted to her that he shot the driver (Day) and that the money was from the robbery.
There is one significant difference in the proof in this case and the proof in Robinson. Here, Jackson gave a statement to federal agents long before either trial, describing the events on the day of the crime and her knowledge of Thomas’s involvement. Her statements in 1997 are consistent with her testimony at the federal trial in November 1998 and the state trial in 2001. Her statements were given before she ever received any money from the federal agents, because she received the $750.00 after the completion of the first *669 trial in 1997. In Robinson, the paid witness had not given earlier consistent statements. She had testified at a preliminary hearing a year before trial, but her testimony at the preliminary hearing differed substantially from the testimony later at the trial.
Moreover, additional evidence introduced at trial placed Thomas at the crime scene. Several witnesses observed Bond and another man get into the car and drive away after the shooting. One of those witnesses, Richard Fisher, testified that he was close to the getaway car as it drove by and he was able to provide in-court identification that Thomas was the passenger in the car. As the majority points out, Fisher originally pointed to Bond as the person in the passenger seat, but as he got closer to Thomas in the courtroom, he identified Thomas as the passenger. The majority is very skeptical about that, but, had the jury believed Fisher’s statement that Thomas was the passenger in the car, it could have. found Thomas guilty, because the jury decides the credibility of the witnesses.
Other evidence at the trial corroborated Jackson’s testimony. For instance,, there was evidence about how Jackson and Thomas bought a car with cash soon after the robbery. There was also proof about Jackson’s opening a bank account and depositing a large sum of cash in it.
In addition, Jackson was thoroughly impeached during her testimony during trial. She was cross-examined on alleged inconsistent statements to law enforcement and her relationship with Thomas, including allegations by Thomas that she had been cruel to his son, suggesting a bias by Jackson against Thomas. She was also questioned about purchasing a gun for Thomas and opening a bank account with proceeds from the robbery.
I agree that under Brady, the state was required to reveal to defense counsel the payment of $750.00 to Jackson before the state trial. However, because that payment was not prejudicial under Brady, the writ of habeas corpus should not be granted. I would affirm the district court in denying the writ.